CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 24 2006
JOHN F. CORCORAN, CLERK.
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR00019 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ANDREW MORGAN WARD, | ) | |
| | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with knowingly transporting or shipping, or knowingly attempting to transport or ship, in interstate commerce by means of a computer, child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), in violation of Title 18, United States Code, Section 2252A(a)(1) and 2252A(b)(1); in Count Two with knowingly attempting to receive child pornography or material that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1); in Count Three with knowingly possessing or attempting to possess material containing images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A) that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code,

Sections 2252A(a)(5)(B) and 2252A(b)(2); and in Count Four a forfeiture count pursuant to Title 18, United States Code, Section 2253.

On October 16, 2006, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts One, Three, and Four of the Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Count Two of the Indictment upon acceptance of plaintiff's guilty plea.

At this hearing the defendant was placed under oath and testified that his full legal name is Andrew Morgan Ward, that he was born on September 29, 1978, and that he attended high school up to the eleventh grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offenses.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and

that he was waiving his right to have a jury determine beyond a reasonable doubt any facts alleged in Counts One, Three, and Four. The defendant further testified that he knew that the government retained the right to appeal any sentence the court imposed that was below the applicable sentencing guideline range or below the government's recommended sentence.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged in Counts One and Three are felonies and that if his plea is accepted, he will be adjudged guilty of those offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $200. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further acknowledged that he was aware that the government had seized or restrained items of his personal property and that he had agreed to forfeit these items as set forth in the plea agreement. The defendant agreed that the forfeitures as set forth in the plea agreement are proportionate to the degree and nature of the offenses he committed and do not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not
3

consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged, in the case of Count One, is twenty years imprisonment and a fine of $250,000, together with supervised release. The defendant was further informed that the minimum mandatory sentence for Count One is five years imprisonment. The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged, in the case of Count Two, is twenty years imprisonment and a fine of $250,000, together with supervised release. The defendant was further informed that the minimum mandatory sentence for Count Two is five years imprisonment. The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged, in the case of Count Three, is ten years imprisonment and a fine of $250,000, together with supervised release. Finally, the defendant was informed that Count Four is a forfeiture allegation.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that

the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

Defendant testified that he understood that the government will recommend that he be sentenced at the low end of the guideline range and that the government will object to any motion he makes for a downward departure. Also, defendant stated he understood that the government may request that he be sentenced to lifetime supervision or a lengthy period of supervised release. The defendant stated that he understood that his offense level would likely be calculated under USSG § 2G2.2. The defendant stated that he also understood that for purposes of the plea agreement only, the government would recommend that his offense level not be increased under USSG § 2G2.2(b)(4) and that his offense level be increased by two (2) points under USSG § 2G2.2(b)(3)(F). The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

5

Case 5:06-cr-00019-GEC-BWC   Document 37   Filed 10/24/06   Page 5 of 10   Pageid#: 68

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Counts One, Three, and Four of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the fact that if the government had submitted evidence, the Factual Summary represented the evidence that would have been presented. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

On or about April 17, 2004, the defendant, using a nickname of "speedy013" contacted an Internet Relay Chat (IRC) channel offering a file server ("f-serve") that advertised child pornography. The channel, which was operated in Maryland, was identified as "#100%PreTeenGirlSexPics." The f-server carried the following advertisement "banner:"

> "<ScubaStev> ScubaSteve Script! Fserve Trigger: !diverdown File Ratio: 1:3 Movie Ratio: 1:2 Offering: Very, Very Categorized Quality Teen & Pre Pics with very rare movies. Will Trade Leech for series. Msg Me if interested. Only interested in action or masturbation! [ 0 of 3 people with a sense for quality currently online. ] v2.1"

The "rules" text for the IRC channel included the statement "No one over 17!" The defendant uploaded one child pornography video clip, entitled "14_orgasm.mpg," and seven digital image files (at least four of which depicted images of child pornography), entitled "11yr-lilhoe-1.jpg" through "11yr-lilhoe-7.jpg" to the IRC channel. He then attempted to monopolize on the "credit" that he believed he had earned by unsuccessfully attempting to download purported child pornography images and movie files.

The IP address for speedy013 was determined to be assigned to the defendant who then lived in an apartment in Berryville, Virginia. Agents learned that the defendant had rented the apartment since some time in February 2004.

The defendant's apartment was searched pursuant to a search warrant on February 24, 2005. Among other items seized were computer equipment and disks. Investigators also interviewed the defendant on February 24, 2005. The defendant stated, in part and in substance, that he knew he did wrong and wanted to cooperate; that he had been the only person with access to his computer and Internet service provider [during the relevant time period];[1] that he had conducted file trading/sharing

---

[1] At the beginning of the search, the defendant was contacted by telephone and at that time (i.e., prior to the interview referenced above), he stated that he was not the only person who

7

on Yahoo, Kazaa, and IRC; that he used screen names "speedy013" and "award13;" that he searched various IRC directories for pornography, downloading and uploading adult and child pornography and other sexually explicit images; that he saved pornography to a default directory on his hard drive and then transferred it onto a CD; that he viewed, deleted, and saved child pornography; that he downloaded 700-900 pictures, at least half of which he estimated to be child pornography; and that the channel name "100%PreTeenGirlSexPics" sounded familiar and he was sure that he uploaded pictures to this channel. He was shown pictures labeled "11yr-lilhoe-1" through "11yr-lilhoe-7" and was described the short video clip "14_orgasm." He recalled downloading these images and movie file but did not remember if he uploaded them. He stated that he was awestruck by the range of child pornography accessible on the Internet. He further stated that he was curious, knew it was wrong, and shouldn't have viewed the child pornography, but felt that he was addicted to pornography. He claimed that he was not sexually attracted to children.

The defendant's computer and disks were analyzed by a forensic examiner. Numerous movie files and digital images depicting minors engaged in sexually explicit conduct were found on his computer (and child pornography images were also found on one of the disks that had been recovered). Some of the images were determined to portray identified minors from different states and countries.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

---

had used his computer.

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One, Three, and Four of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One, Three, and Four and adjudge him guilty of those offenses. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for January 16, 2007 at 10:00 a.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations

within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

October 24, 2006
Date